Richard A. Gatica 0502343544
West Valley Detention Center
9500 North Etiwanda Avenue
Rancho Cucamonga, CA 91739

Attorney for Petitioner

FILED
CLERK, U.S. DISTRICT COURT
JUL -6 2010
CENTRAL DISTRICT OF CA
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT COURT OF CALIFORNIA

Richard A. Gatica,

    Petitioner,

v.

Jim Tilton,

    Respondent

Case No.: EDCV-07-386 SVW (JC)

PETITIONERS RESPONSE TO RESPONDANTS APPLICATION TO THE COURT FOR UPDATE OF PRO PER STATUS/ORDER

## INTRODUCTION

On June 24, 2010, Respondent filed an application with the court seeking an order, which would essentially revoke Petitioners pro per status. In doing so, Respondent has made gross misrepresentations to the court and is asking the court to set precedent and create law—not interpret it. Respondent has no standing to make such request for the reasons set forth below.

Respondent claims that Petitioner is given "preferred access to law library resources" and that Petitioner "no longer has a need for library access". This is not true. The Petitioner is not given "preferred access" to the jails law library. In fact, the jail applies no such status or classification to any inmate. The jail simply provides access to the law library to only those inmates who represent themselves in a pending legal action. Those who do not represent

PETITIONERS RESPONSE TO APPLICATION OF ORDER REVOKING PRO PER

PRIVILEGES/STATUS - 1

1  themselves do not receive access. All pro per's are treated equally. There is no "preferred
2  status" provision.
3     Additionally, it is not for Respondent to decide whether a pro per needs continued
4  access. Petitioner uses the one-day-a-week access that he receives to study the numerous
5  cases and statutes in which the Respondent and court have cited in various filings. Petitioner is
6  actively exploring and researching the option of asking the court for permission to file an
7  addendum that would enhance his previous arguments in which rulings are still pending.
8     Petitioner has several legal options still available to him. There is an inherent interest for
9  any litigant to maintain access to either law library or counsel as long as the case is pending
10 before a court. This case is still pending. Respondent's application requesting the court to
11 "update" the pro per order by blocking library access is an absurdly transparent and improper
12 attempt to cripple and curtail his opponent. Respondent claims this case is essentially over and
13 he wants the court to call the game now and declare him the winner. Respondent fails to accept
14 that Petitioner may be down a few runs,  we still have a few innings left.
15    Respondent next claims that Petitioners' continued use of library access "has a marginal
16 effect on other users and jail staff." Such bland and unsupported claim is so devoid of factual
17 content that it can be used by virtually any government agent who desires to further tip the
18 scales in his favor by  blocking inmate access to law library during a pending case.
19    Petitioner represents to the court that the law library at the jail operates at a midlevel rate
20 of occupancy. Specifically, as petitioner writes the instant pleading, the library is at a mere 20%
21 of its designed capacity. Specifically, the law library is 80% empty. There are two staff members
22 currently present with absolutely nothing to do except read a novel and look up every now and
23 then for security purposes. The jail keeps logs that will confirm this claim. Such logs are kept for
24 five years.
25

Respondent next claims that petitioner had "been [previously] found to be in possession of a weapon, which was located in materials he transported to and from the library."

This is a gross misrepresentation to the court. I respectfully direct the court to a June 2, 2008 letter authored by Sergeant Dorrough. Sergeant Dorrough is the head of the law library at the jail. That letter is addressed to California State Superior Court Judge Ronald Christianson, however it is labeled as exhibit "A" and attached to Petitioners "Motion For Orders" previously filed in this court. In that letter, Sergeant Dorrough states verbatim:

> "During the hearing before the decision making body Gatica requested that we stipulate to the fact that his witness, Sheriff's Custody Specialist Ramer, would testify that he [Gatica] was well behaved and respectful in the Law Library. He [Gatica] also requested that it be stipulated that he has not caused any [adverse] issues to and from the Law Library. We agreed to these requests. Gatica also wanted it in the record that no facility discipline was generated where a jail made knife was [allegedly] found in his cell. We agreed that no facility discipline had been done."

After one further state court hearing, the sheriff abandoned all resistance in allowing Petitioner access to the law library. There was never any knife found as Respondent represents to the court. Respondent is attempting to shock and awe the court with accusations designed to say, "Look your honor, he abused his library privileges so let's take them away." Respondent is beating not only a dead horse but an imaginary one as well.

Most disturbing of all, is the fact Respondent is attempting to convince the court to set precedent—that is, to issue an order that would completely change the pro per policy at the jail. The policy is clear. The only requirement that must be met by an inmate to gain access to the law library is that the inmate must represent himself and the case must be in a pre-disposition stage—meaning that the case must still be pending. San Bernardino County Sheriff's Department Pro Per Policy Memorandum at paragraph 20. This case is pending.

PETITIONERS RESPONSE TO APPLICATION OF ORDER REVOKING PRO PER PRIVILEGES/STATUS - 3

1  The order in which Respondent is attempting to convince the court to change is an order
2  that simply directed the sheriff to provide Petitioner access to legal documentation, writing
3  materials, and the prison law library *as permitted by prison rules.* Nothing more and nothing
4  less. Again, the rules allow the prisoner access as long as the case is pending. There is no
5  abuse. Petitioner is receiving nothing more than the pro per policy allows.
6  Petitioner respectfully requests that the court not set precedent by changing the prison
7  pro per policy. Respondent has full professional legal representation by the California State
8  Attorney General who of course has access to a law library. Respondent will continue to have
9  such protection as long as this case is pending. Petitioner requests nothing more. There is no
10 violation of the prison pro per policy. There has been no abuse of pro per privileges. Although
11 Petitioner is actively and enthusiastically working on this case he is not receiving or asking for
12 any preferred treatment or anything outside the very basic and standard treatment afforded to
13 all inmates pro per inmates under the pro per policy. Petitioner is unrepresented by counsel and
14 this case is pending.
15 For these reasons Petitioner respectfully requests the court deny respondents
16 application with prejudice.

17 _RC_ (signature)       Date: July 1, 2010
18 Richard Gatica , Petitioner in Pro Per

PETITIONERS RESPONSE TO APPLICATION OF ORDER REVOKING PRO PER

PRIVILEGES/STATUS - 4

PROOF OF SERVICE BY MAIL

Case Name: Richard Gatica v. Jim Tilton

Case Number: EDCV-07-386 SVW (JC)

I am over the age of 18 and a party to the within action. I am a resident of the county in which the mailing occurred. My residence address is: Richard Gatica 0502343544 9500 North Etiwanda Avenue Rancho Cucamonga, CA 91739.

On July 2, 2010, I served the attached: PETITIONERS RESPONSE TO RESPONDENTS APPLICATION TO THE COURT FOR UPDATE OF PRO PER STATUS/ORDER by enclosing true copies in a sealed envelope addressed to each person whose names appears below and depositing the envelopes in the United States mail with postage fully prepaid.

Date of deposit: July 2, 2010   Place of deposit: Rancho Cucamonga, California

California State Attorney General
Kevin Vienna, Supervising Deputy
110 West A Street
San Diego, CA
92186-5266

United States Courthouse
Clerk of Court
312 North Spring Street
Los Angeles, CA
90012

I declare under the penalty of perjury that the above is true and correct.

Executed on July 2, 2010 at Rancho Cucamonga, CA

*/s/ R. Gatica*

Richard Gatica 0502343544

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| Richard A.Gatica , <br><br> Petitioner, <br><br> v. <br><br> Jim Tilton, <br><br> Respondent | Case No.: EDCV-07-386 SVW (JC) <br><br> ORDER DENYING RESPONDENT'S APPLICATION TO REVOKE PETITIONERS LIBRARY PRIVILEGES <br><br> (PROPOSED) |

This court has read and considered Respondent's "Application for Update of Order" dated June 24, 2010, and has read and considered Petitioners response. The court hereby DENIES Respondents application. The court advises San Bernardino County Sheriff Rod Hoops that Petitioner Richard Gatica 0502343544 continues to have a pending legal matter before this court, and needs access to writing materials, at no cost to the county, his legal documentation, and access to law library as permitted by prison rules.

_____                    Date:_____
The Honorable Magistrate Jacqueline Chooljian

ORDER